**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE: JOHN K. WALD, Debtor** | ) | |
| | ) | |
| **HOLLY HORRIGAN,** | ) | |
| | ) | |
| **Appellant,** | ) | **Civil Action No.  SA-12-CA-1204-XR** |
| | ) | **Bkr. No. 11-53644-a998** |
| **VS.** | ) | |
| | ) | |
| **RANDOLPH N. OSHEROW, TRUSTEE** | ) | |
| | ) | |
| **Appellee.** | ) | |

**ORDER**

On this date, the Court considered Appellant Holly Horrigan's Motion for Leave to Appeal. For the reasons stated below, Appellant's motion is DENIED.

**Background**

On October 20, 2011, John Krzysztof Wald ("Debtor") filed for protection under Chapter 7 of the Bankruptcy Code.  Randolph N. Osherow, the appointed Chapter 7 trustee ("Chapter 7 Trustee"), was granted permission from the Bankruptcy Court on February 29, 2012  to employ Elliot S. Cappuccio and the law firm of Pulman, Cappuccio, Pullen and Benson, LLP ("PCPB"). Cappuccio and PCPB were employed to investigate, litigate, and settle any claims possessed by the Estate. The Bankruptcy Court ordered that compensation to the law firm of Pulman, Cappuccio, Pullen & Benson, LLP "shall be in the form of a contingency fee of forty percent (40%) plus costs, to be paid out of any funds, assets, or property recovered for the benefit of the Estate."

On June 6, 2012, the Bankruptcy Court issued a Decision Regarding Objections to

Exemptions relating a homestead exemption of real property located at 118 Mossy Cup Lane, San Antonio, Texas. (Docket Entry No. 1-5, p. 27). Due to this decision of the Bankruptcy Court, "the Chapter 7 trustee intends to file a motion to sell the real property." (Docket Entry No. 11, n. 4). On August 15, 2012, the Chapter 7 Trustee filed a Supplemental Application to Approve Employment of Special Counsel ("Supplemental Application") in order to "provide notice and, to the extent necessary, obtain additional authority for Special Counsel's contingency fee to apply to and be paid from any proceeds or other things of value resulting from the contemplated motion and sale of the Real Property." (Docket Entry No, 1-1, p. 46).

On August 23, 2012, Appellant Holly Horrigan ("Appellant") filed an objection to the Supplemental Application, arguing that PCPB should be compensated under the lodestar method as opposed to a 40% contingency fee for the sale of the real property. (Docket Entry No. 1-1, p. 51). The Bankruptcy Court approved the Supplemental Application on October 12, 2012. (Docket Entry No. 1-3). Appellant  filed a Notice of Appeal with the Bankruptcy Court on October 25, 2012, and the appeal was docketed in this Court on December 20, 2012. (Docket Entry No. 1). This Court issued an Order on December 31, 2012, noting that the Order granting the Supplemental Application appeared to be interlocutory. (Docket Entry No. 3). Accordingly, the Court directed Appellant to file a motion for leave to appeal no later than January 14, 2013 and to include any arguments relating to whether the order was final and appealable within the motion.

Appellant filed her Motion for Leave to Appeal with this Court on January 7, 2013. (Docket Entry No. 4).  In her motion, Appellant contends that the Order granting the Supplemental Application is a final order. (Docket Entry No. 4, n. 6). Appellant requests, in the alternative, that this Court grant leave to appeal as "an interlocutory appeal will greatly facilitate the resolution of

this matter." (Docket Entry No. 4, n. 7).

## Legal Standard

A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1).  In determining finality under § 158, the Fifth Circuit uses a more flexible and less technical approach than what is normally used in the  § 1291 civil context. *See In re ASARCO, L.L.C.*, 650 F.3d 593, 599 (5th Cir. 2011) ("In this court... finality under § 158(d) is not coterminous with finality under § 1291"); *In re Kizzee-Jordan*, 626 F.3d 239, 242 (5th Cir. 2010) ("Our approach to determining whether an order is therefore appealable in a bankruptcy case is flexible.").  The standard employed by the Fifth Circuit to determine the finality of a bankruptcy order is whether the order "constitutes a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case." *Kizzee-Jordan*, 625 F.3d at 242.

A federal district court also has  jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3).  However, interlocutory appeals of bankruptcy orders are not favored as they "interfere with the overriding goal of the bankruptcy system." *In re Hunt*, 57 B.R.371, 372 (N.D. Tex. 1985) (citing *Katchen v. Landy*, 382 U.S. 323, 386 (1966); *In re Durensky*, 519 F.2d 1024, 1028 (5th Cir. 1975)).  The decision to grant leave for an interlocutory appeal is within the discretion of the district court. *In re O'Conner*, 258 F.3d 392, 399-400 (5th Cir. 2001).

District courts in the Fifth Circuit generally use the standard under 28 U.S.C. § 1292(b) to determine whether to grant leave to appeal an interlocutory order from a bankruptcy court. *See In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) (concluding the vast majority of district courts have

used the standard under § 1292(b) when determining whether to grant interlocutory review from a bankruptcy court order). Applying the standard set forth in § 1292(b), a district court will grant an interlocutory review of a bankruptcy court's order when: (1) the bankruptcy court's order involves a controlling issue of law; (2) the question is one where there is substantial ground for difference of opinion; (3) an immediate appeal will materially advance the ultimate termination of the litigation. *Id.*

### Analysis

Appellant contends that the Order Approving the Supplemental Application is a final order "[b]ecause approval of a contingent fee arrangement under section 328 cannot later be revisited absent unusual circumstances[; therefore] the order is a 'final determination of the rights of the parties to secure the relief they seek.'" (Docket Entry No. 4, n. 6). However, the Fifth Circuit has held that a bankruptcy court's order appointing counsel for the trustee is not a final order. *See In re Pericone*, 319 Fed. Appx. 325 (5th Cir. 2009) (concluding that an order appointing counsel for the trustee is not a final order) (citing *In re Delta Services Indus., Etc.*, 728 F.2d 1267, 1272 (5th Cir. 1986); *In re Smyth*, 207 F.3d 758 (5th Cir. 2000) ("Order appointing counsel under the Bankruptcy Code are interlocutory and are not generally considered final and appealable."); *see also Swank v. L&J Trust*,. No. 10-366, 2010 WL 2218181 (W.D. La. May 28, 2010) (rejecting an argument that *Delta Services* was no longer good law, and treating the notice of appeal as a motion for leave to appeal).

The Order Approving the Supplemental Application merely concerned the terms of the appointment and compensation for special counsel. It did not actually award fees. It expressly states that "compensation will be paid upon application to this Court pursuant to 11 U.S.C. §§ 327, 328,

330, 331 and/or any other applicable case law." The Bankruptcy Code expressly contemplates that the compensation actually awarded may differ from the terms and conditions authorized by the Bankruptcy Court "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a). Appellant's argument is that special counsel will be overcompensated by a 40% contingency fee, but the actual amount of compensation paid and whether it is excessive remains to be seen. Further, although Appellant claims it will not be possible to challenge the ultimate award of fees at a later date, Appellant does not explain why the final award of compensation would not be appealable. Therefore, the Court concludes that the Order Approving the Supplemental Application is not a final order.

Appellant requests, in the alternative, that this Court grant leave to appeal because "an interlocutory appeal will greatly facilitate the resolution of this matter." (Docket Entry No. 4, n. 7). However, Appellant fails to adequately address the factors relevant to granting an interlocutory appeal. Appellant fails to show that the bankruptcy court's order involves a controlling issue of law on which there is substantial ground for difference of opinion or that the interlocutory appeal would greatly facilitate resolution of the litigation. Thus, the Court denies the motion for leave to file an interlocutory appeal.

## Conclusion

Because the Bankruptcy Court's order is not a final, appealable order, the Court has converted the notice of appeal to a motion for leave to file an interlocutory appeal.

For the reasons stated above, the Court DENIES Appellant's Motion for Leave to Appeal (docket no. 4).

The Clerk is directed to CLOSE this matter.

It is so ORDERED.

SIGNED this 17th day of April, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE